UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sharmarke Y. Abdi, | Case No. 23-cv-1275 (WMW/LIB) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| Hennepin County, | |
| Defendant. | |

Defendant Hennepin County has moved to dismiss Plaintiff Sharmarke Abdi's claims. (Dkt. 6.) For the reasons addressed below, the Court grants Hennepin County's motion to dismiss.

## BACKGROUND

Abdi is a Senior Social Worker who has worked for Hennepin County for almost ten years. Between November 2020 and August 2021, Abdi had two simultaneous workplace interactions that he contends were discriminatory.

In November 2020, Abdi submitted a request for a stand-up desk. The request was denied in January 2021. In an effort to appeal the denial of his request for a stand-up desk, Abdi reached out to Hennepin County's Americans with Disabilities Act of 1990 ("ADA") Coordinator in March 2021. The ADA Coordinator labeled Abdi's request for a stand-up desk as a "convenience" and "choice." (Dkt. 1-1 ¶ 13.) Abdi eventually received the stand-up desk he requested. After learning that the ADA Coordinator labeled his request as a "convenience" and "choice," Abdi reached out to the ADA Coordinator's direct supervisor

and complained about the Coordinator's use of such language. The supervisor then filed a complaint against Abdi at Hennepin County Human Services.

In November 2020, one of Abdi's white female co-workers accused him of conducting an onboarding training in Somali. The management team dismissed the allegation as false. In March 2021, the same co-worker made another accusation against Abdi. Abdi notified the management team but received no acknowledgement.

Abdi participated in an employee performance review ("EPR") on March 30, 2021. In the review, Abdi's supervisor informed him that his communication needed improvement. Abdi asked the supervisor if this feedback was related to the ADA coordinator whom he complained about or if it was related to his co-worker who made two false accusations against him. The supervisor acknowledged being aware of both of those interactions.

Hennepin County commenced a disciplinary investigation against Abdi in April 2021. It is unclear from the Complaint whether the investigation was the result of one or both of the workplace interactions. The disciplinary investigation resulted in an acquittal and the recommendation of "coaching" Abdi. (*Id.* ¶ 25.) On August 2, 2021, Abdi filed an Equal Employment Opportunity Commission ("EEOC") Charge for Discrimination under the ADA and Title VII of the Civil Rights Act of 1964 ("Title VII"). Abdi's EEOC Charge was denied on February 10, 2023.

Abdi commenced this action on May 5, 2023, alleging that Hennepin County discriminated against him on the basis of his disability, race and national origin, and retaliated against him for asserting his rights under the ADA.

# ANALYSIS

To survive a motion to dismiss, a complaint must allege facts that, if accepted as true, establish a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss, the district court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plaintiff may not rely on, nor may a district court consider, legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678-79.

## I. Administrative Remedy Exhaustion Requirement

Abdi brings four claims: (1) discrimination under the ADA for failure to provide him reasonable accommodations; (2) discrimination under the ADA for retaliation; (3) discrimination on the basis of race under Title VII; and (4) discrimination on the basis of national origin under Title VII. Hennepin County argues that because Abdi has not exhausted the administrative remedies as to all of his claims, the Court can consider only the alleged discrimination that Abdi included in his EEOC Charge. Abdi maintains that the Court can consider all of the discrimination claims in the Complaint because he exhausted the administrative remedies by checking the "continuing violation" box on the EEOC Charge, indicating that the alleged discrimination was ongoing.

Under the ADA and Title VII, a plaintiff must exhaust administrative remedies before filing a lawsuit in federal court. *Lindeman v. Saint Luke's Hosp. of Kansas City*,

3

899 F.3d 603, 608 (8th Cir. 2018); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).  To exhaust administrative remedies, the claimant must file a Charge of Discrimination with the EEOC within 180 days from the day the discrimination took place.[1]  *Williams*, 21 F.3d at 222.  Each "alleged discrimination or retaliation . . . is a separate and discrete unlawful practice for which Plaintiff must exhaust administrative remedies unless the conduct is reasonably related to the charge, and simply checking the 'continuing violation' box on the EEOC charge is insufficient to plausibly allege a continuing violation." *Yohannes v. Minnesota IT Servs.*, No. 21-cv-620 (PJS/ECW), 2022 WL 2788397, at *8 (D. Minn. July 15, 2022) (citing *Henson v. Union Pac. R.R. Co.,* 3 F.4th 1075, 1082 (8th Cir. 2021)).

Abdi filed an EEOC Charge on August 2, 2021.  The EEOC Charge asserts that Abdi's accommodation request for a stand-up desk was denied and that he was subjected to different terms and conditions of employment when he was investigated and given a negative performance evaluation, which prevented him from getting a promotion.  However, Abdi's Complaint includes several discrimination claims, ranging from October 2021 to February 2023, that were not included in the EEOC Charge.  Because Abdi did not submit a second or amended EEOC Charge that includes the alleged discrimination actions that occurred after August 2021, he failed to exhaust the administrative remedies for the claims occurring after August 2021.  Therefore, this Court will not address the allegations in the Complaint that were not included in Abdi's EEOC Charge filed in August 2021,

---

[1] Time Limits For Filing A Charge, EEOC.gov, https://www.eeoc.gov/time-limits-filing-charge.

specifically the allegations in Complaint paragraphs 29-34, 36-42, and 44-54. The Court will also not consider Abdi's allegation of a Title VII violation on the basis of national origin because Abdi did not include that allegation in his EEOC Charge. Accordingly, the Court grants Hennepin County's motion to dismiss as to the Title VII national origin claim.

## II.     ADA Reasonable Accommodation Claim

Abdi argues that Hennepin County discriminated against him on the basis of his disability by failing to provide him the reasonable accommodation of a stand-up desk. Hennepin County contends that Abdi has failed to plead sufficient facts to support his claim.

"The ADA prohibits employers from discriminating 'against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.'" *Ehlers v. Univ. of Minnesota*, 34 F.4th 655, 659 (8th Cir. 2022) (quoting 42 U.S.C. § 12112(a)). The failure to make a reasonable accommodation constitutes discrimination. *Mobley v. St. Luke's Health Sys., Inc.*, 53 F.4th 452, 456 (8th Cir. 2022) (citing 42 U.S.C. § 12112(b)(5)(A)).

To plead a prima facie case of a reasonable accommodation claim under the ADA, plaintiffs must show: (1) they have a disability within the meaning of the ADA, (2) they are a qualified individual and (3) they suffered an adverse employment action because of their disability. *Huber v. Wal-Mart Stores, Inc.*, 486 F.3d 480, 482 (8th Cir. 2007). "An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." *Spears v. Missouri Dep't of Corr. & Hum. Res.*, 210

5

F.3d 850, 853 (8th Cir. 2000). A change in salary, benefits, or responsibilities constitutes a material employment disadvantage. *Sallis v. Univ. Minn.*, 408 F.3d 470, 476 (8th Cir. 2005). However, "[a] transfer involving only minor changes in working conditions and no reduction in pay or benefits will not constitute an adverse employment action." *Ledergerber v. Stangler*, 122 F.3d 1142, 1144 (8th Cir. 1997). Additionally, a poor performance evaluation does not constitute an adverse employment action unless it has some other tangible effect on the individual's employment. *Spears*, 210 F.3d at 854. Such a tangible effect may be the alteration of the individual's employment terms or conditions. *Id.*

The parties do not dispute that Abdi has a disability within the meaning of the ADA and that he is a qualified individual. The parties disagree, however, on whether Abdi suffered an adverse employment action because of his disability. Abdi alleges that he suffered an adverse employment action when Hennepin County commenced a disciplinary investigation against him and reported that his communication needed improvement in an employee evaluation. However, mere disciplinary investigations and poor evaluations are not adverse actions, as they do not necessarily have a tangible effect on an individual's employment, such as changing the employee's working conditions. Abdi does not plead facts suggesting that the conditions of his employment changed due to the actions taken by his employer. And the Complaint contradicts Abdi's claim that he was denied a promotion because of the poor evaluation, as he received a promotion.

Because Abdi fails to plead a prima facie case of discrimination for seeking a reasonable accommodation under the ADA, the Court grants Hennepin County's motion as to this claim.

### III. ADA Retaliation Claim

Abdi contends that Hennepin County retaliated against him, in violation of the ADA, for requesting an accommodation and for addressing his co-worker's accusations. Hennepin County contends that Abdi has failed to plead sufficient facts to support his claim.

The ADA prohibits employers from discriminating "against an individual because that individual 'opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing' conducted pursuant to the statute." *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1025 (8th Cir. 1999) (quoting 42 U.S.C. § 12203(a)). To plead a prima facie case of retaliation under the ADA, Abdi must show: (1) he engaged in protected conduct, (2) he suffered an adverse employment action and (3) the adverse action was causally linked to the protected conduct. *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir. 1999).

The parties do not dispute that Abdi engaged in protected conduct. Rather, the parties dispute whether Abdi suffered an adverse employment action. Abdi alleges that he suffered an adverse employment action when Hennepin County commenced a disciplinary investigation against him and reported that his communication needed improvement in an

employee evaluation.  As addressed in Section II, these actions do not constitute an adverse action.

Because Abdi fails to plead a prima facie case of discrimination for retaliation under the ADA, the Court grants Hennepin County's motion as to this claim.

## IV.     Title VII of the Civil Rights Act of 1964 Race Discrimination Claim

Abdi maintains that Hennepin County discriminated against him on the basis of race by conducting a disciplinary investigation after he "defend[ed] [himself] from a white female employee" who twice accused him of misconduct.  (Dkt. 1-1 ¶ 22.)  Hennepin County contends that Abdi has failed to plead sufficient facts to support this claim.

To plead a prima facie case of race discrimination under Title VII, Abdi must show: "(1) that he is a member of a protected class, (2) that he was meeting the employer's legitimate job expectations, (3) that he suffered an adverse employment action, and (4) that similarly situated employees outside the protected class were treated differently." *Tolen v. Ashcroft*, 377 F.3d 879, 882 (8th Cir. 2004).

The parties do not dispute that Abdi is a member of a protected class and that he meets his employer's legitimate job expectations.  However, the parties dispute whether Abdi suffered an adverse employment action and whether similarly situated employees outside the protected class were treated differently.  Abdi alleges that he suffered an adverse employment action when Hennepin County commenced a disciplinary investigation against him and reported in an employee evaluation that Abdi's communication needed improvement.  As addressed in Section II, these actions do not constitute an adverse action.

Because Abdi fails to plead a prima facie case of racial discrimination under Title VII, the Court grants Hennepin County's motion to dismiss as to this claim.

## CONCLUSION

Abdi has failed to allege a claim for discrimination in violation of the ADA for failure to provide him reasonable accommodations, for discrimination in violation of the ADA for retaliation, and for discrimination based on race and national origin in violation of Title VII.  Therefore, Hennepin County's motion to dismiss is granted.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED:**

1. Defendant Hennepin County's motion to dismiss, (Dkt. 6), is **GRANTED.**

2. This matter is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDIGNLY.**

Dated:  January 25, 2024                                        s/ Wilhelmina M. Wright  
                                                                                        Wilhelmina M. Wright  
                                                                                        United States District Judge